NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMAS MARKUSSEN, | No. 19-72231 |
| Petitioner, | Agency No. A215-674-748 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2020[**]
Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

Tomas Markussen, a citizen of Norway, petitions for review of a Board of

Immigration Appeals ("BIA") decision dismissing his appeal of an Immigration

Judge ("IJ") order denying withholding of removal and protection under the

Convention Against Torture ("CAT"). We review the denial of Markussen's claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Under this standard, factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the denial of withholding of removal. Markussen bore the burden of establishing past persecution or a well-founded fear of future persecution, *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010), "at the hands of the [Norwegian] government or forces that the [Norwegian] government was unable or unwilling to control," *Truong v. Holder*, 613 F.3d 938, 942 (9th Cir. 2010) (per curiam). The Norwegian government did not participate in the gang violence perpetrated against Markussen, and the IJ identified several examples of the Norwegian police successfully combating gang violence. The record does not compel the conclusion that the Norwegian government is complicit in or indifferent to gang violence. After Markussen reported the incidents to the police, they promised to investigate. "[W]e are reluctant to infer government complicity or indifference from the mere fact that . . . police were unable to locate [Markussen's] unknown assailants." *Truong*, 613 F.3d at 941.

Markussen's claim for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(i) also fails because substantial evidence supports the determination that he failed to show persecution on account of a protected ground. Substantial

evidence supports the IJ's determination that Markussen's "anti-gang" political opinion was not "a reason" for his persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). The record does not compel the conclusion that Markussen's altercations with gang members bore a nexus to his opinions, and harm from criminals motivated by random violence is not persecution on a protected ground, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. Substantial evidence also supports the denial of CAT relief. To qualify for CAT relief, Markussen must have "establish[ed] that it is more likely than not that [he] would be tortured if returned to [Norway]." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). This torture must also be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1). Markussen did not establish past torture, and given the record evidence of Norway's efforts to combat gang violence, substantial evidence supports the IJ's determination that Norway would not consent to or acquiesce in Markussen's torture in the future.

**PETITION DENIED.**

3